UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS CHRISTENSON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>iSTAR FINANCIAL INC., JAY SUGARMAN, JAY S. NYDICK and CATHERINE D. RICE,<br><br>Defendants. | **CIVIL ACTION NO. 08-03879**<br><br>CLASS ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Dennis Christenson ("Plaintiff"), alleges the following based upon the investigation by Plaintiff's counsel, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding iStar Financial Inc. ("iStar" or the "Company"), securities analysts' reports and advisories about the Company, and information readily available on the Internet, and Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**NATURE OF THE ACTION AND OVERVIEW**

1.  This is a federal class action on behalf of purchasers of the common stock of iStar, who purchased or otherwise acquired iStar common stock pursuant or traceable to the Company's December 13, 2007 Secondary Public Offering (the "SPO" or the "Offering"), seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

1

2. iStar is a finance company focused on the commercial real estate industry. The Company primarily provides investment capital to high-end private and corporate owners of real estate, including senior and mezzanine real estate debt, senior and mezzanine corporate capital, as well as corporate net lease financing and equity.

3. On February 28, 2008, the Company announced that for the fourth quarter of 2007, it would report a loss of $78.7 million, or $0.62 per share. The Company stated that the results were impacted by $134.9 million of non-cash charges associated with the impairment of two credits in its Corporate Loan and Debt portfolio. Finally, the Company stated that it increased its loan loss provisions by $113 million.

4. In response to this news, shares of the Company's stock declined $2.66 per share, or 11.64 percent, to close on February 28, 2008 at $20.19 per share, on unusually heavy trading volume. Shares of the Company's stock continued to fall over the next several days, closing on March 6, 2008 at $13.98. This closing price on March 6, 2008 represented a cumulative loss of $14.43, or over 50 percent, of the value of the Company's shares at the time of its SPO just months prior.

5. The Complaint alleges that, in connection with the Company's SPO, defendants failed to disclose or indicate the following: (1) that the Company was experiencing "material change" to its continuing operations; (2) specifically, the Company's ability to operate was being adversely impacted by negativity in the credit markets; (3) that the Company's corporate loan and debt portfolio showed more than $200 million in unrecognized losses; (4) that the Company lacked adequate internal and financial controls; and (5) that, as a result of the foregoing, the Company's Registration Statement was false and misleading at all relevant times.

6. As a result of defendants' wrongful acts and omissions, and the precipitous decline

in the market value of the Company's securities, Plaintiff and other Class Members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7. The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o).

8. This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act (15 U.S.C. § 77v).

9. Venue is proper in this Judicial District pursuant to Section 22 of the Securities Act. Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this Judicial District. Additionally, the Company's principal executive offices are located within this Judicial District.

10. In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

11. Plaintiff, Dennis Christenson as set forth in the accompanying certification, incorporated by reference herein, purchased iStar common stock at artificially inflated prices during the Class Period and has been damaged thereby.

12. Defendant iStar is a Maryland corporation with its principal executive offices located at 1114 Avenue of the Americas, 27th Floor, New York, New York.

13. Defendant Jay Sugarman ("Sugarman") was, at all relevant times, the Company's

Chief Executive Officer ("CEO"), and Chairman of the Company's Board of Directors.

14. Defendant Jay S. Nydick ("Nydick") was, at all relevant times, the Company's President.

15. Defendant Catherine D. Rice ("Rice") was, at all relevant times, the Company's Chief Financial Officer ("CFO") and Principal Accounting Officer

16. Defendants Sugarman, Nydick and Rice are collectively referred to hereinafter as the "Individual Defendants." The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of iStar 's quarterly reports, press releases and documents, and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market. Each defendant was provided with copies of the Company's reports and press releases and documents alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, each of these defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and misleading. The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of the Individual Defendants.

## **SUBSTANTIVE ALLEGATIONS**

### **Background**

17. iStar is a finance company focused on the commercial real estate industry. The Company primarily provides investment capital to high-end private and corporate owners of real

4

estate, including senior and mezzanine real estate debt, senior and mezzanine corporate capital, as well as corporate net lease financing and equity.

18.     On or about December 13, 2007, the Company conducted its SPO.  In connection with the SPO, the Company filed a Registration Statement and Prospectus (collectively referred to as the "Registration Statement") with the SEC.  The SPO was a financial success for the Company, as it was able to raise $227.28 million by selling 8 million shares of stock to the public at a price of $28.41 per share.

## Materially False and Misleading
## Statements Made in the Registration Statement

19.     The Registration Statement failed to disclose, and made no mention of, the fact that the Company was being adversely affected by the credit market.  Further, the Registration Statement made no mention of the fact that the Company was failing to recognize over $200 million of losses on its corporate loan and debt portfolio.

20.     The statements contained in ¶ 19 were materially false and misleading when made because defendants failed to disclose or indicate the following: (1) that the Company was experiencing "material change" to its continuing operations; (2) specifically, the Company's ability to operate was being adversely impacted by negativity in the credit markets; (3) that the Company's corporate loan and debt portfolio showed more than $200 million in unrecognized losses;  (4) that the Company lacked adequate internal and financial controls; and (5) that, as a result of the foregoing, the Company's Registration Statement was false and misleading at all relevant times.

## The Truth Begins to Emerge

21.     On February 28, 2008, iStar issued a press release entitled "iStar Financial Announces Fourth Quarter and Fiscal Year 2007 Results."  Therein, the Company, in relevant

part, stated:

> **Fourth Quarter 2007 Results**
>
> iStar reported adjusted earnings (loss) allocable to common shareholders for the quarter of ($36.6) million or ($0.29) per diluted common share. ***Included in fourth quarter earnings were $134.9 million of non-cash charges associated with the impairment of two credits that are accounted for as held-to-maturity debt securities in its Corporate Loan and Debt portfolio.*** These securities are performing and continue to pay interest. Accounting standards for these securities do not allow for loan loss reserves to be taken on these assets; the standards require that the value be impaired based on a significant drop in market price and on management's current assessment that the decline is other than temporary.
>
> Excluding the effect of these impairments, adjusted earnings allocable to common shareholders for the fourth quarter were $95.4 million or $0.74 per diluted common share. This compares with $110.1 million or $0.91 per diluted common share for the fourth quarter 2006. Adjusted earnings represent net income computed in accordance with GAAP, adjusted for preferred dividends, depreciation, depletion, amortization, gain (loss) from discontinued operations and ineffectiveness on interest rate hedges.
>
> ***Net income (loss) allocable to common shareholders for the fourth quarter was ($78.7) million, or ($0.62) per diluted common share, compared to $79.2 million, or $0.65 per diluted common share for the fourth quarter 2006.*** The year-over-year decrease was due to the impact of the non-cash impairment charges and higher provision for loan losses in the fourth quarter.
>
> \*   \*   \*
>
> The Company had $217.9 million in loan loss reserves at December 31, 2007 versus $52.2 million at December 31, 2006. ***During the fourth quarter, the Company recorded $113.0 million in loan loss provision versus $62.0 million in the prior quarter.*** The $51.0 million quarter-over-quarter increase reflects the continued deterioration in the overall credit markets and its impact on the Company's portfolio as determined in its regular quarterly risk ratings review process. [Emphasis added.]

22.     Upon the release of this news, shares of the Company's stock declined $2.66 per share, or 11.64 percent, to close on February 28, 2008 at $20.19 per share, on unusually heavy

6

trading volume. Shares of the Company's stock continued to fall over the next several days, closing on March 6, 2008 at $13.98. This closing price on March 6, 2008 represented a cumulative loss of $14.43, or over 50 percent, of the value of the Company's shares at the time of its SPO just months prior.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired iStar's common stock pursuant or traceable to the Company's December 13, 2007 SPO, and who were damaged thereby (the "Class"). Excluded from the Class are defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

24. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, iStar's common stock was actively traded on the New York Stock Exchange ("NYSE"). While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by iStar or its transfer agent, and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

25. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

26.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

27.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

> (a)     whether the federal securities laws were violated by defendants' acts as alleged herein;
>
> (b)     whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of iStar; and
>
> (c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

28.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

29.     The market for iStar's common stock was open, well-developed and efficient at all relevant times.  As a result of these materially false and misleading statements and failures to disclose, iStar's common stock traded at artificially inflated prices during the Class Period.  Plaintiff and other members of the Class purchased or otherwise acquired iStar's common stock

relying upon the integrity of the market price of iStar's common stock and market information relating to iStar, and have been damaged thereby.

30. During the Class Period, defendants materially misled the investing public, thereby inflating the price of iStar's common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

31. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, defendants made or caused to be made a series of materially false or misleading statements about iStar's financial well-being and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of iStar and its financial well-being and operations, thus causing the Company's common stock to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's common stock at artificially inflated prices, thus causing the damages complained of herein.

## **LOSS CAUSATION**

32. Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

33. During the Class Period, Plaintiff and the Class purchased common stock of iStar

at artificially inflated prices and were damaged thereby. The price of iStar's common stock significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

**Applicability of Presumption of Reliance:**
**Fraud On The Market Doctrine**

34. At all relevant times, the market for iStar's common stock was an efficient market for the following reasons, among others:

- (a) iStar stock met the requirements for listing, and was listed and actively traded on the NYSE, a highly efficient and automated market;

- (b) As a regulated issuer, iStar filed periodic public reports with the SEC and the NYSE;

- (c) iStar regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

- (d) iStar was followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

35. As a result of the foregoing, the market for iStar's common stock promptly digested current information regarding iStar from all publicly-available sources and reflected such information in iStar's stock price. Under these circumstances, all purchasers of iStar's

common stock during the Class Period suffered similar injury through their purchase of the Company's common stock at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

36. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements, because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of iStar who knew that those statements were false when made.

## FIRST CLAIM
### Violation of Section 11 of
### The Securities Act Against All Defendants

37. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein only to the extent, however, that such allegations do not allege fraud, scienter or the intent of the defendants to defraud Plaintiff or members of the Class. This count is predicated upon defendants' strict liability for making false and materially misleading statements in the Registration Statement.

38. This claim is asserted by Plaintiff against all defendants by, and on behalf of,

persons who acquired shares of the Company's common stock pursuant to or traceable to the false Registration Statement issued in connection with the December 13, 2007 SPO.

39. Individual Defendants as signatories of the Registration Statement, as directors and/or officers of iStar and controlling persons of the issuer, owed to the holders of the stock obtained through the Registration Statement the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement at the time they became effective to ensure that such statements were true and correct, and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading. Defendants knew, or in the exercise of reasonable care should have known, of the material misstatements and omissions contained in or omitted from the Registration Statement as set forth herein. As such, defendants are liable to the Class.

40. None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

41. Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public which were contained in the Registration Statement, which misrepresented or failed to disclose, *inter alia*, the facts set forth above. By reason of the conduct herein alleged, each defendant violated and/or controlled a person who violated Section 11 of the Securities Act.

42. As a direct and proximate result of defendants' acts and omissions in violation of the Securities Act, the market price of iStar's common stock sold in the SPO was artificially inflated, and Plaintiff and the Class suffered substantial damage in connection with their

ownership of iStar's common stock pursuant to the Registration Statement.

43. iStar is the issuer of the stock sold _via_ the Registration Statement. As issuer of the stock, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

44. At the times they obtained their shares of iStar, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements or omissions alleged herein.

45. This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement which should have been made through the exercise of reasonable diligence, and within three years of the effective date of the Prospectus.

46. By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages under Section 11 as measured by the provisions of Section 11(e), from the defendants and each of them, jointly and severally.

## SECOND CLAIM
### Violation of Section 12(a)(2) of
### The Securities Act Against All Defendants

47. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

48. This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of the Class, against all defendants.

49. Defendants were sellers, offerors, and/or solicitors of purchasers of the shares offered pursuant to the iStar Offering Registration Statement.

50. The iStar SPO Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and concealed and failed to disclose material facts. The Individual Defendants' actions of solicitation

included participating in the preparation of the false the misleading Registration Statement.

51. Defendants owed to the purchasers of iStar's common stock, including Plaintiff and other members of the Class, the duty to make a reasonable and diligent investigation of the statements contained in the SPO materials, including the Registration Statement, to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants knew of, or in the exercise of reasonable care should have known of, the misstatements and omissions contained in the SPO materials as set forth above.

52. Plaintiff and other members of the Class purchased or otherwise acquired iStar's common stock pursuant to and/or traceable to the defective Registration Statement. Plaintiff did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in the Registration Statement.

53. Plaintiff, individually and representatively, hereby offer to tender to defendants that common stock which Plaintiff and other Class members continue to own, on behalf of all members of the Class who continue to own such common stock, in return for the consideration paid for that common stock together with interest thereon. Class members who have sold their iStar common stock are entitled to rescissory damages.

54. By reason of the conduct alleged herein, these defendants violated, and/or controlled a person who violated Section 12(a)(2) of the Securities Act. Accordingly, Plaintiff and members of the Class who hold iStar common stock purchased in the SPO have the right to rescind and recover the consideration paid for their iStar common stock, and hereby elect to rescind and tender their iStar common stock to the defendants sued herein. Plaintiff and Class members who have sold their iStar common stock are entitled to rescissory damages.

55. This action is brought within three years from the time that the common stock upon which this Count is brought was sold to the public, and within one year from the time when Plaintiff discovered or reasonably could have discovered the facts upon which this Count is based.

### THIRD CLAIM
### Violation of Section 15 of The Securities Act
### Against the Individual Defendants

56. Plaintiff repeats and realleges each and every allegation contained above, excluding all allegations above that contain facts necessary to prove any elements not required to state a Section 15 claim, including without limitation, scienter.

57. This count is asserted against Individual Defendants and is based upon Section 15 of the Securities Act.

58. Individual Defendants, by virtue of their offices, directorship and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of iStar within the meaning of Section 15 of the Securities Act.  The Individual Defendants had the power and influence and exercised the same to cause iStar to engage in the acts described herein.

59. Individual Defendants' position made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

60. By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory damages in favor of Plaintiff and the other Class

       members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: April 24, 2008

**BRODSKY & SMITH, LLC**

By: *s/ Evan J. Smith, Esquire*
Evan J. Smith, Esquire
esmith@brodsky-smith.com
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-4977
(516) 741-0626 (facsimile)

**SCHIFFRIN BARROWAY TOPAZ & KESSLER LLP**
Richard A. Maniskas, Esquire
rmaniskas@sbtklaw.com
Seamus Kaskela, Esquire
skaskela@sbtklaw.com
David Promisloff, Esquire
dpromisloff@sbtklaw.com
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
(610) 667-7056

*Attorneys for Plaintiffs*